QUIRINO GARZA V STATE

NO. 07-00-0334-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 17, 2001

______________________________

QUIRINO VALDEZ GARZA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 23
RD
 DISTRICT COURT OF BRAZORIA COUNTY;

NO. 33,985; HONORABLE ROBERT E. MAY, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

In this appeal, appellant Quirino Valdez Garza, Jr. challenges his conviction for the offense of aggravated robbery, asserting a single ground of error based on the trial court’s failure to submit a jury instruction on accomplice witness testimony.  We affirm.

Appellant was indicted, along with Robert Caro and Abraham Rangel, for aggravated robbery, alleging the three broke into the home of Kenneth Davis to steal drugs and money and that appellant shot Davis three times.  Davis survived the attack but did not have sufficient recollection of the events to identify any of the attackers or even how many there were.  Caro and Rangel testified at appellant’s trial, stating that appellant was the originator of the idea to rob Davis and that he shot Davis.  The State also presented the testimony of appellant’s former girlfriend for the purpose of relating incriminating statements appellant made concerning the robbery and that he was in possession of property which appeared to have been taken during the offense.

 Article 38.14 of the Code of Criminal Procedure provides that, “[a] conviction cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense.”  
Id.
  Appellant requested an instruction to the jury concerning the test of the sufficiency of the corroboration required of other evidence to permit conviction on accomplice witness testimony.  The trial court denied appellant’s request.  The jury found appellant guilty and punishment was assessed at 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  

Examination of the court’s charge to the jury shows that it included the following instruction: 

The witnesses, ABRAHAM RANGEL AND RICARDO CARO, are accomplices, . . . and you cannot convict the defendant upon their testimony alone unless you first believe that their testimony is true and shows that the defendant is guilty as charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other evidence in the case outside of the testimony of the said ABRAHAM RANGEL AND RICARDO CARO, tending to connect the defendant with the offense committed, if you find that an offense was committed, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must also tend to connect the defendant with its commission, and then from all of the evidence you must believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him.

The instruction sought by appellant concerning the degree of corroboration required was drawn from the Court of Criminal Appeals’ opinion in 
Reed v. State
, 744 S.W.2d 112, 127 (Tex.Crim.App. 1988).  The opinion in 
Reed
 addressed the standard to be applied by the court to determine the sufficiency of corroborating evidence, it was not characterized as an instruction to be given to the jury.  Appellant does not cite, and we have not found, any authority supporting the proposition that the standard enunciated in 
Reed
 must be set out for the jury.  

The trial court’s instruction satisfied the requirements of article 38.18 and we hold it did not err in refusing to give the additional instruction sought by appellant.  Therefore, we overrule appellant’s point of error and affirm the judgment of the trial court.

John T. Boyd

 Chief Justice

Do not publish.